■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH FRECCIA, JR., Appellant.— Judgment of resentence unanimously vacated and matter remitted to Supreme Court for further proceedings in accordance with the memorandum. Memorandum: In 1940 defendant was sentenced to a term of 30 years to life on his plea of guilty to an indictment charging him with the crime of murder in the second degree. Pursuant to an order in habeas corpus proceedings he was, on October 24, 1961, taken before the Supreme Court in Cayuga County for further proceedings, in respect to his sentence. He was represented by counsel of his own choice. The court vacated the sentence. The Clerk asked the question mandated by section 480 of the Code of Criminal Procedure and appellant said that his attorney would state the cause if any. Upon further questioning he answered the section 480 question in the negative, adding: "The reservations are for Mr. Freeman (Defendant's attorney) to say something later". After the court had imposed the same sentence that had been imposed on his plea in 1940, defendant informed the court that his attorney had failed to inform the court that the attorney who entered a plea of guilty on his behalf in 1940 was not authorized by the defendant to do so. He further stated to the court: "I had no right to make a motion in this court". The court did not inform defendant that he had a right to make a motion to be permitted to withdraw his guilty plea and the court did not permit defendant to make any further statement to the court although his attorney requested the court to do so. When the 1940 sentence was vacated defendant was returned to the status he possessed prior to the original sentence. He had the right if he desired to do so to move for an order that he be permitted to withdraw such plea. The record indicates that he might have wished to do so and was deprived by the court of the opportunity to make a motion to be permitted to withdraw his plea of guilty and to substitute a plea of not guilty. He should be given an opportunity to make such a motion. (People v. Schoonover, 15 A D 2d 862.) (Appeal by defendant from judgment of Cayuga Supreme Court resentencing defendant for murder, second degree, to

30 years to life.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.